IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAMMY R. ROSWELL, | ) | Bankruptcy Case No. 06-30745 |
| | ) | |
| Debtor. | ) | |
| TAMMY R. ROSWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 06-03155 |
| | ) | |
| GCS FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for hearing on a Motion for Relief from Automatic Stay and to Abandon Property and Objection to Motion to Modify Automatic Stay filed in Debtor's case file, and a Complaint to Compel Turn-Over of Vehicle and Enforce Automatic Stay filed in the above-captioned adversary proceeding; the Court, having heard arguments of counsel and being otherwise fully advised in the premises makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute, and are, in pertinent part, as follows:

1. The Debtor originally filed for relief under Chapter 13 of the Bankruptcy Code on May 18, 2006. The only secured creditor listed in Debtor's bankruptcy petition was GCS Federal Credit Union, with a claim secured by a 2005 Chrysler PT Cruiser automobile.

2. Shortly prior to the Debtor's Chapter 13 bankruptcy filing, GCS Federal Credit Union had repossessed the 2005 Chrysler PT Cruiser as a result of the Debtor's non-payment of the debt on that vehicle. Given the re-possession of said vehicle, the Credit Union filed an

objection to confirmation of the Debtor's Chapter 13 Plan, on May 24, 2006, and, at the same time, filed the Motion for Relief from Automatic Stay and to Abandon Property.

3. On May 26, 2006, the Debtor filed her Objection to Motion to Modify Automatic Stay and also filed the instant adversary complaint seeking to have possession of the subject vehicle returned to her.

4. Numerous hearings were held, both on the objection to confirmation of the Credit Union and on the motion for relief from automatic stay, with the main issue being the Credit Union's assertion that the Debtor was unable to present a feasible Chapter 13 plan wherein she would be able to make regular payments to not only pay the debt to the Credit Union, but to provide adequate protection for the Credit Union's secured interest in the subject vehicle.

5. On November 14, 2006, Judge Pamela Pepper confirmed the Debtor's Second Amended Chapter 13 Plan over the objection of the Credit Union as a result of the Debtor tendering payments to make herself current to the Chapter 13 Trustee. Although Debtor's Second Amended Chapter 13 Plan was confirmed, Judge Pepper declined to rule on the issue of stay relief and turnover of the subject vehicle, leaving those matters pending to be heard on January 8, 2007, as previously scheduled.

6. Although the Debtor was current in her payments to the Chapter 13 Trustee on the date of confirmation of her Second Amended Chapter 13 Plan, she did not remain current for long. On December 29, 2006, an Agreed Order to Cure Delinquent Chapter 13 Plan Payments was entered granting the Debtor until January 7, 2007, to become totally current on her plan payments, with the order indicating that the Debtor's failure to become current would result in dismissal of her case without further notice or hearing.

7. At hearing on January 8, 2007, Debtor and her counsel appeared. While admitting that the plan payments were not made current by January 7, 2007, as previously ordered, the Debtor indicated that she now had funds available to make her plan payments current.

8.  Creditor, GCS Federal Credit Union, argued that the Debtor's continuing failure to make her Chapter 13 plan payments as they came due was evidence of her inability to properly fund the plan and to provide adequate protection to the Credit Union for its secured interest in Debtor's vehicle.  The Credit Union further argued that there was no equity in the vehicle and that the vehicle was not necessary for the Debtor's reorganization.

Conclusions of Law

Pursuant to the provisions of 11 U.S.C. §§ 362(d)(1) and (2), the Court finds that the Motion for Relief from Automatic Stay and to Abandon Property filed by GCS Federal Credit Union on May 24, 2006, should be allowed.  Although the Debtor's Second Amended Chapter 13 Plan was confirmed on November 14, 2006, the undisputed facts in this case reveal that the Debtor has been unable to make her Chapter 13 plan payments as they became due, leading this Court to conclude that the Debtor lacks the reasonable ability to comply with the terms of her Second Amended Chapter 13 Plan.  The Debtor's continuing failure to make her plan payments leads to the obvious conclusion that the Debtor is unable to provide adequate protection to the Credit Union.  As such, stay relief is proper pursuant to the terms of 11 U.S.C. § 362(d)(1).

In addition to the lack of adequate protection under 11 U.S.C. § 362(d)(1), the Court finds that the Credit Union is also entitled to stay relief pursuant to the terms of 11 U.S.C. § 362(d)(2), in that there is no equity in the vehicle for the Debtor, and the Debtor has failed to prove that the subject vehicle is necessary for an effective reorganization.

Having found that stay relief is appropriate under 11 U.S.C. § 362(d), the Court finds that the Debtor's Complaint to Compel Turn-Over of Vehicle and Enforce Automatic Stay, as asserted in the above-captioned adversary proceeding, is without merit and must be denied.

ENTERED: January 12, 2007.

/s/Gerald D. Fines  
GERALD D. FINES  
United States Bankruptcy Judge